Charles R. JOYCE, Petitioner–
Appellant,

v.

James KARNES, Sheriff, Respondent–
Appellee.

No. 03–3536.

United States Court of Appeals,
Sixth Circuit.

June 25, 2004.

Before: KENNEDY and GILMAN, Circuit Judges; and SHADUR, District Judge.*

---

* The Honorable Milton I. Shadur, United States District Judge for the Northern District   of Illinois, sitting by designation.

## OPINION

GILMAN, Circuit Judge.

Charles R. Joyce, a narcotics detective with the Columbus Police Department, was convicted in state court of calling in a false report of a person allegedly carrying a weapon. While at a police retirement party, Joyce called the Police Department to report that there was "a guy with a gun down here," although further along in his call Joyce equivocated by saying "I think he has a gun." The guy in question, Joseph Dials, was across the street standing next to a gold Cadillac. Dials in fact had no weapon and Joyce admits that he never actually saw one.

On appeal in state court, Joyce contended that he did not receive a fair trial because of prosecutorial misconduct. Specifically, Joyce alleged that the prosecutor failed to correct purportedly perjured testimony by Dials related to the latter's past involvement in criminal activities. Joyce's second contention was that the court improperly restricted his ability to impeach Dials when the court refused to allow the testimony of nonparty witnesses on the subject of Dials's past. These arguments were deemed meritless by the state appellate court because Joyce did not know Dials, and Dials's past was therefore irrelevant to Joyce's state of mind when he called in the false report. The Ohio Supreme Court declined to hear Joyce's appeal of the decision below.

Joyce then sought a writ of habeas corpus in federal court, raising the same arguments he pursued in state court. In a comprehensive 32–page Report and Recommendation, the magistrate judge concluded that Joyce failed to establish that the state-court findings were so unreasonable as to justify federal habeas corpus relief. The Report was adopted by the district court, which denied Joyce's writ but granted him a certificate of appealability.

As Karnes's counsel ably articulated at oral argument, we remind Joyce that this court reviews the state-court decision in this case under the standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2254(d). We may not "issue the writ simply because [we] conclude[ ] in [our] independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The state court's factual findings are, moreover, presumed to be correct unless shown to be erroneous by clear and convincing evidence. *Bowling v. Parker*, 344 F.3d 487, 497 (6th Cir. 2003).

Having reviewed the record, the applicable law, the parties' briefs, and counsels' arguments, we are convinced that the district court did not err in adopting the magistrate judge's Report. For the reasons persuasively presented in great detail in that Report, we hold that Joyce failed to qualify for federal habeas relief pursuant to AEDPA. We also conclude that the issuance of a full opinion by this court would be unduly duplicative and serve no useful purpose. The denial of the writ of habeas corpus is therefore **AFFIRMED** on the basis of the opinions below.